Application of Alton E. TOBEY.
Patent Appeal No. 6640.

United States Court of Customs and Patent Appeals.
Feb. 21, 1961.

James W. Dent, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (Joseph Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of*

*Judge O'CONNELL,* pursuant to provisions of Section 294(d), Title 28 U.S.C.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of article claims 1, 2, 5, 8 and 10 in application Ser. No. 536,147, filed September 23, 1955, entitled "Abrading Disk." Two claims drawn to the method of making the abrading disk were allowed.

Applicant seeks to patent a rough-grinding abrading disk having tacks, staples, or like pointed elements as the abrading means. Claims 1, 2, 5 and 10 are exemplified by claim 1, which reads:

"An abrading disk comprising a first relatively flat thin plate having a plurality of pointed elements extending therethrough with head portions of said elements abutting a rear surface of said plate, a second relatively flat plate thicker than said first plate and positioned in adjacent parallel relationship to said rear surface of the first plate and in engagement with the head portions of said elements, said plates being welded together to secure said head portions therebetween, and said plates being deformed adjacent the central portions thereof to define an apertured depression extending axially away from the front surface of said first plate and including a radially inwardly extending shoulder."

Claim 8 is directed to a somewhat different aspect of the invention and reads:

"Abrading apparatus comprising a first disk-like member, a plurality of staples extending through said member with the webs thereof each disposed generally radially of said member and on one side thereof and the prongs thereof extending through said member to project from the other side of said member, a second disk-like member positioned adjacent said staple webs, and means securing said members together with said webs clamped therebetween."

Applicant's abrading disk includes a relatively thin sheet-metal front plate through which ordinary tacks may readily be driven and, disposed behind the heads of the tacks, a thicker, more rigid back plate. Spot welding at random points "adjacent the outer and inner peripheries of the adjacent plates and as well as at isolated points intermediate the central apertures 7 and the outer peripheral edges of the plate," secures the plates together, sandwiching the tack heads between the plates. In the central portion of the disk a recess is provided to accommodate means, such as bolts which extend through a collar and the disk plates, for securing the abrading disk to the face plate of a driving shaft. The recessed securing means provides sufficient clearance for the heads of the bolts while the disk is being rotated against the work piece. Additionally, as the bolts are tightened into the face plate, the collar holds the plates securely together, insuring proper operation of the disk. Staples made from flat strap material and having their bent-up pointed flanges connected by a web, may be used in place of ordinary tacks. When staples are used, they are positioned on circles concentric to the disk's axis, the staple webs extending radially, thus providing greater resistance to bending of the prongs during normal abrading operations because the flat prongs strike the work in an edgewise direction. For certain operations such as working on the arcuate surface of a tire, optimum results are said to be obtained by constructing the disk with a frusto-conical abrading surface.

The application says that by using thick and thin plates, particularly a back plate twice the thickness of the front plate, the following advantages are realized:

"By using a thin [front] plate * * *, shorter tacks may be utilized while still presenting a substantial tack length for abrading. Also, a thinner [front] plate makes it easier to insert the tacks as well as to spot weld the [front] plate 6 to the back-up plate 12. Insofar as the [back] plate 12 is concerned,

being in the neighborhood of .028 inches thick, it is thin enough to permit spot welding to the [front] plate 6, while having sufficient rigidity to maintain the disk in general planar configuration."

The references are:

Lambert            1,740,467    Dec.  24, 1929
Neilsen            1,829,531    Oct.  27, 1931
Pullen             2,703,119    Mar.   1, 1955
Desmur (French)      946,650    June   9, 1949

Neilsen is the basic reference and shows a circular abrading disk having tacks which project through a circular front plate, the tacks serving as the abrading means. A back plate having a slightly smaller diameter than the front plate is disposed behind the tack heads. The overlying edge of the front plate is bent over and crimped or clamped around the back plate to secure them together, holding the tacks in place and providing a unitary structure. A compressible ply made of rubber or any suitable material such as cloth, canvas, paper or fiber and the like, is interposed between the tack heads and either one of the plates. This compressible ply, in one embodiment secured to the back plate by adhesive, permits the tacks to wobble during the abrading operation, thus reducing the possibility of flattening the tack points and to some extent allegedly providing a self-sharpening feature.

The French patent to Desmur merely shows a drum abrader having sharp-angled, U-shaped staples which serve as the abrading means. Staples are inserted through holes in a cylindrical sleeve and the sleeve is forced over the drum. In the drawing the staples are positioned so that their webs or flat portions are perpendicular to the direction of the drum rotation.

Lambert shows an abrading disk or rotary file made of a single piece of relatively thin sheet metal. The abrading means are burrs much like those of a kitchen grater, formed by punching the sheet metal. To strengthen the disk and particularly, in case the disk should fly apart, to prevent parts of the disk from being thrown out, a soft metal rim is attached by welding or "other suitable means" to the outer periphery of the disk. The central portion of the sheet metal disk is recessed and is adapted to accommodate a nut for locking it on a drive shaft.

Pullen shows a saucer-shaped abrading or scraping disk, providing a rearwardly curved edge contour. The central portion of the disk is sufficiently concave to provide clearance for a washer and bolt used to attach the disk to the driving shaft.

The board's opinion very specifically points out why the claimed combination is unpatentable over the prior art, Neilsen being the principal reference. Neilsen's back plate was said to be "thicker than said front plate" since the rubber ply adhered thereto forms a thicker composite plate. Moreover, relative thickness was not considered critical because the desired rigidity depends, in addition to relative thickness, on the type of material used and the abrading operation which is to be performed. As to the other limitations of claims 1, 2, 5 and 10, the board said:

"We agree with the examiner that it would be obvious to provide Neilsen's disk with a depressed central portion for receiving the means for securing the disk to the spindle of a drill or other rotary tool, in view of the teachings of Lambert or Pullen; and we see no reason why the construction of the Neilsen disk should be considered as presenting any difficulties in making such a modification. * * *

"We further agree with the examiner that welding the edges of the plates of Neilsen to form a unitary disk would involve no more than the use in an obvious manner, of a well known form of securing means, with only such results as would naturally be expected therefrom."

Use of staples as abrading elements was considered an obvious expedient in view of the teachings of Desmur, the board saying as to radial displacement:

"* * * in the case of flat staples, we consider the arrangement of the staples, so as to dispose the prongs in such a manner as to best resist the bending forces encountered during normal abrading operations, to involve no more than the application in an obvious manner of well known engineering principles."

Finally, the frusto-conical contour was said to result from the "age-old expedient" of shaping abrading tools to conform with the surfaces to be worked on.

Applicant contends that in the claimed combination each of the modifications is patentable over Neilsen and in his brief says:

"* * * that it is not obvious to depress the central portion of the disk and further that it is not obvious to weld the edges of the plates in one of the references to form a unitary disk. That there is patentable merit in the recitation of the relative thickness of the plates. That there is invention in substituting staples for tacks. That there is patentable significance in the frusto-conical arrangement of the abrading points over the curved arrangement of one of the references."

We agree with the board that applicant's invention, as defined in the claims, is unpatentable over the prior art. No merit is seen in the above-quoted contentions.

As to the limitation to "said plates being welded together," appellant says that Neilsen contains no teaching of welding in any manner and furthermore, because of the interposed rubber ply, it would be impossible to "weld the plates of Neilsen together at random throughout their entire area to make a unitary structure." This argument ignores the broad language of the claims, and we are of the opinion that to one having ordinary skill in the art it would be obvious to weld Neilsen's plates together at their peripheral edges even if the cushion ply is present, instead of crimping or clamping them, welding being a common expedient in this art. The claims require nothing more in this respect.

The claims also recite "a first relatively flat thin [front] plate" and "a second relatively flat [back] plate thicker than said first plate." Claims 2 and 3 are more specific, reciting respectively "said second plate is substantially twice the thickness of said first plate" and "said first plate is approximately .015 of an inch thick and said second plate is approximately twice the thickness of said first plate." As previously pointed out, the thin front plate permits easy insertion of the tacks and allows the points to protrude a substantial length, while the back plate provides rigidity to the disk. Although the applicant in his brief says that Neilsen's tacks are inserted through the front plate, it is not apparent to us whether they are inserted through holes or, as in applicant's disk, merely driven through the plate. However, as pointed out by the board, the combinations in claims 1, 2, 5 and 10 are so broadly recited that the plates could be of different materials, either rigid or flexible and the tacks could be inserted through pre-formed holes in the front plate, as well as driven through it. Neilsen does show a composite back plate which is "thicker than said first plate" and the claims require nothing more. Furthermore, one having ordinary skill in the art would choose particular sheet metals having desired compositions and dimensions depending upon the work to be performed and the rigidity desired. Taking this view of the claimed combination, we agree with the board's conclusion that the specific relative dimensions in claims 2 and 5 are a matter of obvious choice.

Claim 8 is broader than claims 1, 2, 5 and 10 in many respects. It differentiates from Neilsen only in calling for the use of staples having radially positioned webs in place of Neilsen's tacks. The French patent to Desmur shows that staples are an old abrading means. Although the Desmur abrader is a drum

type, the webs of the staples are positioned perpendicular to the direction of drum rotation, apparently the best position to resist bending and breaking of the points during normal abrading operations. To use staples in a disk abrader and to position them with their webs radially, places those webs perpendicular to the direction of disk rotation as in Desmur. This arrangement would, we feel, be obvious to one having ordinary skill in this art.

For the foregoing reasons the decision of the Board of Appeals is affirmed.

Affirmed.